AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Jan 22, 2021**

SEAN F. McAVOY, CLERK

United States of America )
v. )
)
Arturo Tejeda-Gomez ) Case No.    4:21-MJ-07015-MKD-1
)
*Defendant* )

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ☑ Subject to lengthy period of incarceration if convicted
    ☑ Prior criminal history
    ☐ Participation in criminal activity while on probation, parole, or supervision
    ☐ History of violence or use of weapons
    ☐ History of alcohol or substance abuse
    ☐ Lack of stable employment
    ☐ Lack of stable residence
    ☐ Lack of financially responsible sureties

- ❏ Lack of significant community or family ties to this district
- ☑ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See Addendum.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/22/2021     /s/ Mary K. Dimke
                     United States Magistrate Judge

*United States v. Arturo Tejeda-Gomez*, 4:21-MJ-07015-MKD-1

    Due to the nature of the charges, there is a rebuttable presumption of detention in this case. Defendant is charged with conspiracy to distribute forty grams or more of fentanyl. The Complaint alleges that Defendant was involved in two separate controlled purchases of fentanyl. Specifically, it is alleged that on November 5, 2020, Defendant was captured on video and observed by law enforcement selling a confidential source approximately 400 fentanyl pills for $4,000, and on November 19, 2020, Defendant arranged for the sale of approximately 1,000 fentanyl pills to a confidential source for $10,250. The Complaint alleged that the co-defendant delivered 1,032 pills to the confidential informant and the co-defendant then met with Defendant immediately after delivering the pills. The United States proffered that the confidential informant and Defendant engaged in recorded conversations in which Defendant discussed being one of the first individuals to smuggle fentanyl into the area, that associates of his had been arrested but law enforcement had not reached him, that he was aware of two fatal overdoses related to fentanyl, and commenting that the pills did not come with instructions in response to the overdoses. Finally, it was proffered that Defendant's brother—who is believed to be a source of fentanyl—and his cousin—who was previously released on a bond for federal drug trafficking charges in this district—are currently fugitives in Mexico together.

    The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. The United States' proffer included the contents of recorded conversations, drug transactions, and law enforcement observations. This proffered information is particularly concerning to the Court as it indicates that Defendant was aware of the serious threat fentanyl poses to the community and that law enforcement action was not a deterrent for his actions. Based on the proffer there is sufficient evidentiary weight to the case to give the Court concern as to dangerousness and risk of flight.

    Turning to his history and characteristics, Defendant is 44 years old, was born in Othello, Washington, and has resided in the District for the majority of his life. Defendant's mother is deceased and his father is currently incarcerated in Mexico for kidnapping.[1] Defendant has substantial concerning contacts in Mexico.

---

[1] Defendant has one brother currently incarcerated in Texas on a drug conviction. The Court notes that Defendant has a prior federal drug trafficking conviction in the state of Texas. ECF No. 25 at 6.

As mentioned previously, Defendant's brother, alleged to be the source of the fentanyl, appears to currently be a fugitive in Mexico. Defendant's cousin, who is currently facing federal charges for conspiracy and distribution of fentanyl in this District, fled to Mexico while on pretrial release subject to a $50,000 bond. *See United States v. Morfin Mendoza*, 4:18-CR-06028-EFS-2; ECF Nos. 1, 70, 75, 137, 156. Defendant possesses a U.S. Passport and has travelled to Mexico in the past, as recently as last year for a funeral, and reported having family in Mexico. Defendant's brother-in-law, who currently resides with Defendant, has a prior federal drug trafficking conviction and a federal conviction for illegal reentry. The fact that Defendant houses an individual who appears to be violating the United States' immigration laws demonstrates disrespect for the law.

Defendant has substantial contacts in this district. Defendant has been married for approximately 20 years and has two adult children and one minor child. If he were to be released, Defendant has proposed he would live with his wife at their home in Pasco, Washington, where they have lived for the past approximately 10 years. Also residing in the home are Defendant's children and his brother-in-law and nephew. Defendant completed school through the 11th grade and eventually obtained his GED. Defendant has been steadily employed at Brand Safway Scaffolding Solutions since 2009 and reported he would be able to return to work if he were to be released. Defendant provided a significant number of letters from members of the community indicating that he has strong ties to the community.

Although Defendant does not have a lengthy criminal history, it is serious. Defendant was charged with furnishing/possessing marijuana for sale (1996) in California, although those charges were dismissed. More significantly, however, Defendant was convicted on a federal charge of conspiracy to possess with intent to distribute more than five kilograms of cocaine in the Southern District of Texas (2005) and was sentenced to 108 months in prison.

In sum, the Court finds by clear and convincing evidence there are no conditions or combination of conditions other than detention that will ensure the safety of the community and Defendant's appearance at future court hearings. Of particular concern to the court is the risk of flight to Mexico in light of the facts that Defendant has family members who have successfully fled to Mexico, one despite the imposition of a $50,000 bond, allegations that Defendant was working with one of these individuals to source fentanyl, and that Defendant appears to be

housing an individual who does not possess legal status in the United States. The United States has further established Defendant poses a danger to the community if released. The similarity of his prior federal conviction to the instant charge, coupled with statements that law enforcement has arrested his associates but not reached him, knowledge and disregard for deaths caused by fentanyl use, all demonstrate a lack of deterrent impact.

      The court has considered release conditions, such as GPS monitoring and a financial bond. GPS monitoring is not an effective tool to address risk of flight as individuals who flee typically remove the bracelet, thus, it does not provide knowledge of the individual's whereabouts in flight. It is a more effective tool to address danger to the community. Here, however, one of the allegations is that Defendant telephonically organized a drug transaction, which GPS monitoring would not deter. Defendant proposed posting his house as collateral to secure a bond. This proposal is problematic as his wife likely has a legal interest in the house, which would prohibit the court from forfeiting any bond, thus not providing an effective deterrent. Moreover, the court notes it imposed a $50,000 bond on his cousin, which also did not serve as a sufficient deterrent to prevent flight. The court finds this proposal insufficient to mitigate the risk of flight in this case.